IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DANNY ELLIS,

                          Plaintiff,

v.                                                  Civil Action No. 2:20-cv-00269
                                                    (formerly Case No. 20-C-53 in the Circuit
FAY SERVICING, LLC,                 Court of Wood County)
and U.S. BANK, N.A.,

                          Defendants.

## NOTICE OF REMOVAL

Defendants Fay Servicing, LLC ("Fay Servicing") and U.S. Bank, N.A. ("U.S. Bank") (collectively "Defendants") hereby respectfully give notice, pursuant to 28 U.S.C. § 1446, of the removal to this Court of the action commenced against them in the Circuit Court of Wood County, West Virginia and identified below. Defendants deny the allegations contained in the Complaint and file this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor in state or federal court. In support of this Notice of Removal, Defendants would show the following:

## STATEMENT OF COMMENCEMENT OF THE ACTION

Plaintiff Danny Ellis (hereinafter "Plaintiff") commenced this lawsuit in the Circuit Court of Wood County, West Virginia, Civil Action No. 20-C-53 (hereinafter the "State Court Action") against Defendants on or about March 2, 2020. In this lawsuit, Plaintiff asserts four causes of action. The causes of action are failure to accept payments, misrepresentations, unconscionable debt collection, and breach of contract. (*See generally* Compl.). Plaintiff's allegations stem from the alleged wrongful actions of Fay Servicing in servicing Plaintiff's loan, including in evaluating

1

him for a loan modification, in refusing to accept payments, and in seeking foreclosure on the property at issue. (*Id.*). Plaintiff seeks specific performance, statutory penalties, actual damages, attorney's fees and costs, and punitive damages.

## TIMELINESS OF REMOVAL

The removal period commences upon receipt of formal service of process, and "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999); *Lewis v. Mobile Training & Educ., Inc.*, No. CIV.A. 3:09-0135, 2009 WL 1252325, at *1 (S.D.W. Va. May 5, 2009). Defendant Fay Servicing received service on March 18, 2020 and Defendant U.S. Bank received service on March 19, 2020. Thus, this Notice of Removal is filed within thirty (30) days of service and is timely.

## PLEADINGS AND NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings and other relevant documents on file with the Circuit Court of Wood County, West Virginia, are attached hereto as **Exhibit A**. Additionally, the Docket Sheet from the State Court Action is attached hereto as **Exhibit B**. In accordance with 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, Defendants have given written notice to the Plaintiff and the Circuit Court of Wood County, West Virginia of the removal.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION-DIVERSITY

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

### A. Citizenship of the Parties.

This action involves citizens of different states. As stated in the Complaint, Plaintiff is a citizen of West Virginia. (Compl. ¶ 2). Plaintiff claims that Fay Servicing has a principal place of business in Illinois. (*Id.* at ¶ 3). Plaintiff does not allege that Fay Servicing is a citizen of West Virginia, nor could he. Additionally, Plaintiff claims that U.S. Bank has its headquarters in Ohio. (*Id.* at ¶ 3).[1] Plaintiff does not allege that U.S. Bank is a citizen of West Virginia, nor could he. Thus, there is complete diversity between these parties.

### B. The Amount in Controversy Exceeds $75,000.00.

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir.1964)). Importantly, "the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the *alleged* amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 WL 423512, at *1 (W.D.N.C. Feb. 9, 2012)(emphasis added). If the removing party establishes by a preponderance of the evidence that an excess of $75,000 is in controversy, the District Court must exercise its jurisdiction. *Perilli v. Nationwide Mut. Ins. Co.*, No. 5:10CV56, 2011 WL 2462247, at *3 (N.D.W. Va. June 17, 2011); *see also Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D.W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'") (citations omitted)).

---

[1] Plaintiff claims Ohio as U.S. Bank's principal place of business, though it is actually in Minnesota. (*Id.* at ¶ 4). Regardless, U.S. Bank is not a citizen of West Virginia.

3

When determining the amount in controversy, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Miller v. Bank of Am.*, No. 1:10CV213, 2011 WL 2429350, at *1 (N.D.W. Va. June 13, 2011). In cases involving unspecified damages, such as the case at bar, the Court should consider the Complaint and the "type and extent of the plaintiff's injuries and the possible damages recoverable therefore [sic], including punitive damages if appropriate." *Weddington v. Ford Motor Credit*, 59 F. Supp. 2d 578, 583 (S.D.W. Va. 1999) (*citing Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997) (internal citations omitted)).

Separate claims for relief by a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement "even if no individual claim exceeds the jurisdictional amount." *Long & Foster Real Estate, Inc. v. NRT Mid-Atl., Inc.*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005) (internal quotations omitted); *see also, Massey v. Green Tree Servicing, LLC*, No. 5:10-CV-00533, 2011 WL 1230256, at *4 (S.D.W. Va. Mar. 30, 2011). Additionally, a plaintiff's demand for actual damages, punitive damages, statutory damages, equitable relief, and attorneys' fees should be considered by the Court in determining the amount in controversy. *See, e.g.*, *Maxwell v. Wells Fargo Bank, N.A.*, No. CIV.A. 2:09-0500, 2009 WL 3293871, at *3-5 (S.D.W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the amount in controversy); *Weddington,* 59 F. Supp. 2d at 584-85 (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy). In this case, Plaintiff has alleged that Defendants violated the West Virginia Consumer Credit and Protection Act (hereinafter "WVCCPA") and breached the Deed of Trust. (*See generally* Compl.).

Plaintiff seeks equitable relief, statutory penalties, actual damages, attorney's fees and costs, and punitive damages. (*Id.*)

In Plaintiff's first, introductory, paragraph of the Complaint, he states, "Plaintiff brings this action to prevent the unnecessary foreclosure of his home." (Compl. ¶ 1). Plaintiff further lists the scheduled foreclosure sale under "Damages." (Compl. ¶ 17). Plaintiff clearly seeks specific performance in the form of prevention of the foreclosure sale of his property. "[I]n a suit for specific performance, the amount in controversy is the value of the property involved." *Hudak v. Selen Finance L*P, 2015 WL 1539740, at *4 (N.D.W. Va. April 7, 2015) (internal citations and quotations omitted). In *Hudak*, in determining that the amount in controversy requirement was met, the Court stated,

> [The value] derives from the potential that, as a consequence of the [requested equitable relief] [the plaintiffs] will avoid foreclosure and the loss of their home. As they have asserted in their complaint, "Plaintiffs bring this suit to save their family home." . . . Thus, from the [plaintiffs'] perspective, the pecuniary value resulting from an award of specific performance would be no less than the value of the home . . . Because that figure exceeds the jurisdictional threshold, the Court FINDS that the amount in controversy has been satisfied.

*Id.*

Similarly here, Plaintiff seeks to prevent the foreclosure sale of his home. (Compl. ¶ 1). The general rule regarding non-monetary relief is that "the amount in controversy is measured by the value of the object of litigation." *Hudak*, 2015 WL 1539740, at *4 (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Further, the "value is ascertained by reference to the greater of either the worth of the remedy to the plaintiff, or its cost to the defendant." *Id.* (citing *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir.2010)). Here, as in *Hudak*, the value to Plaintiff is the potential to avoid foreclosure and loss of his home. *Id.*

5

Therefore, as in *Hudak*, the pecuniary value resulting from an award of specific performance would be no less than the value of the home, for which the initial obligation was $58,500.00. (Compl. ¶ 5).

In addition to the above requested specific performance, which alone totals nearly $60,000, Plaintiff alleges violations of multiple sections of the WVCCPA. (Compl., Counts I, II, an III). For each alleged violation, Plaintiff seeks civil penalties of $1,000, which are available pursuant to W. Va. Code § 46A-5-101. (*Id.*).[2] Though Plaintiff fails to specify the number of violations he alleges, Defendants count at least 42 alleged violations. Plaintiff alleges Fay Servicing wrongfully closed Plaintiff's application for loss mitigation assistance "[o]n no less than four separate occasions . . . " (Compl. ¶ 11). Plaintiff further alleges, "From April 2018 to October 2019, Mr. Ellis made repeated applications for loss mitigation from Fay. Fay would repeatedly request documentation that Mr. Ellis had already provided and misrepresent the status of his application for assistance." (Compl. ¶ 10). Assuming just one alleged representation per month during this period, Plaintiff alleged at least 19 misrepresentations of the status of his application for assistance. Plaintiff further alleges, "[a]lso throughout this process, Mr. Ellis continued to try to make payments on his loan by payment over the phone, as he had done with the prior servicer, but Fay refused these payments." (Compl. ¶ 12). Assuming Plaintiff attempted to make payments monthly, and thus one alleged refused payment per month, during the same time period, this alleges another 19 misrepresentations. As such, Plaintiff alleges at least 42 WVCCPA violations, and, at $1,000 per violation, $42,000 in civil penalties alone.

Plaintiff also seeks unspecified actual damages for each of his claims. (Compl. pp. 4-6). Plaintiff generally lists his damages as including emotional damages, including, "stress, annoyance

---

[2] These allegations are taken from the Complaint. Defendants do not concede their veracity.

and inconvenience, . . . and fear of loss of home." (Compl. ¶ 16). The Court must consider these requested damages in determining the amount in controversy. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience).

A claim for emotional damages, standing alone, would be sufficient to satisfy the $75,000 amount in controversy requirement. *Weddington,* 59 F. Supp. 2d at 584 ($75,000 amount in controversy requirement was satisfied when plaintiffs, who did not specify total amount of damages sought, asked to be compensated for mental anxiety, suffering, annoyance, aggravation, inconvenience and humiliation as a result of alleged credit damages). Thus, Plaintiff's unspecified alleged actual damages could easily exceed the $75,000 amount in controversy requirement as, just like in *Weddington*, Plaintiff has alleged that he suffered annoyance, inconvenience, and other damages. (Compl. ¶ 16).

Plaintiff also requests attorneys' fees for each of his claims, particularly including his WVCCPA claims. (Compl. pp. 4-6). Attorneys' fees are considered part of the amount in controversy in cases brought under statutes providing for such fees. *Saval v. BL LTD*, 710 F.2d 1027, 1033 (4th Cir. 1983); *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 462 (D.S.C. 2005). *See also, Maxwell*, 2009 WL 3293871, at *4-5 (attorneys' fees were to be included in the amount in controversy, because recovery of the fees were potentially available under the WVCCPA). The Southern District of West Virginia, on multiple occasions, has considered a reasonable amount for attorney's fees in determining the amount in controversy in WVCCPA cases. In *McGraw*, the court found "the assessment of the value of an attorney fee award for purposes of the amount in controversy must take into consideration the totality of the circumstances in the action." *McGraw*

*v. Discover Fin. Servs., Inc.*, No. CIV.A.2:05 0215, 2005 WL 1785259, at *6 (S.D.W. Va. July 26, 2005). The court found a reasonable estimate to consider for purposes of the amount in controversy was $25,000. *Id.* The Southern District, considering a similar WVCCPA case on a motion to remand, concluded that "$25,000 is a reasonable estimate of plaintiffs' attorney fees." *Patton v. Fifth Third Bank*, No. CIV.A. 2:05-0790, 2006 WL 771924, at *3 (S.D.W. Va. Mar. 24, 2006). Further, in *Maxwell*, the Southern District again considered potential attorney's fees to be expended, and found that, under the facts of that case, "at least $10,000 for attorneys' fees should be considered in determining the amount in controversy," while noting the previous cases in which the court had found $25,000 to be the appropriate amount. *Maxwell*, 2009 WL 3293871, at *4. The *Maxwell* court considered the fees that would be incurred in the future for things such as "extensive discovery, preparing substantive motions and responses, and litigating the case at trial." *Id.* Therefore, it is clear that the Southern District has consistently found it appropriate, in WVCCPA cases considering diversity jurisdiction, to consider an estimated amount of attorney's fees in reaching the amount in controversy in the range of at least $10,000 to $25,000. Therefore, reasonable attorneys' fees of at least $10,000 to $25,000 should also be considered for the purpose of determining the amount in controversy here.

Additionally, Plaintiff seeks punitive damages under his breach of contract claim. It is well-established that punitive damages may be considered in determining the amount in controversy. *See, e.g., Weddington,* 59 F. Supp. 2d at 584; *Mullins*, 861 F. Supp. at 24.

In sum, the Complaint brings the following amounts into controversy:

- $58,500.00 in equitable relief for the value of the subject property;
- $42,000.00 in statutory penalties;
- Unspecified actual damages;

- Attorneys' fees and costs of at least $10,000 to $25,000;

- Punitive damages; and

- "Other relief" as the Court deems reasonable and just. (Compl. pp. 4-6).

Plaintiff has easily alleged damages in excess of $75,000. As such, the jurisdictional amount is satisfied for purposes of removal.

## VENUE

Under 28 U.S.C. § 1441(a), venue for Plaintiff's State Court Civil Action is proper in this Court. The United States District Court for the Southern District of West Virginia, Charleston, is the "district and division" for actions removed from the Circuit Court of Wood County, West Virginia, pursuant to 28 U.S.C. § 129(b).

## PRAYER FOR RELIEF

WHEREFORE, Defendants Fay Servicing, LLC and U.S. Bank, N.A. respectfully request that this Court assume jurisdiction over this matter and allow Defendants such other and further relief as this Court deems just and proper.

**FAY SERVICING, LLC and U.S. BANK, N.A.**

/s/ Ashley N. Barebo
Randall L. Saunders, Esquire (W.Va. Bar No. 10162)
Ashley N. Barebo, Esquire (W.Va. Bar No. 12802)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, West Virginia 25701
Telephone: (304) 526-3500
Facsimile: (304) 526-3599

*Counsel for Defendants Fay Servicing, LLC and U.S. Bank, N.A.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

DANNY ELLIS,

            Plaintiff,

v.

FAY SERVICING, LLC,
and U.S. BANK, N.A.,

           Defendants.

Civil Action No. 2:20-cv-00269
(formerly Case No. 20-C-53 in the Circuit Court of Wood County)

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 17th day of April, 2020, the foregoing ***"Notice of Removal"*** was served via regular United States mail on the following counsel of record:

        Bren J. Pomponio, Esq.
        Rachel J. Kincaid, Esq.
        Mountain State Justice, Inc.
        1217 Quarrier Street
        Charleston, WV 25301
        *Counsel for Plaintiff*

        /s/ Ashley N. Barebo